IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAY JAMES,

    Plaintiff,

vs.                                           Case No.: 4:11cv162-RH/WCS

WALTER McNEIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, a motion requesting the appointment of counsel, doc. 3, and a motion seeking leave to proceed *in forma pauperis*, doc. 2.

A prisoner is entitled to *in forma pauperis* status only if he has demonstrated the inability to pay the filing fee, 28 U.S.C. § 19159a)(1), and has not, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 191(g).

Plaintiff has shown an inability to pay, and he alleges that he has never had any case dismissed "as frivolous, malicious, failing to state a claim, or prior to service." Doc. 1, p. 6. That assertion is not true. Rather than admit the basis for several of his case dismissals, Plaintiff wrote "unknown" and then struck through that word. Doc. 1, pp. 17, 18. Plaintiff also states on the bottom of his twenty-page listing of cases that he is "unsure of missing case information, and any other prior cases he may have filed." Doc. 1, p. 26. After twenty pages of case listings, it is nearly unfathomable that Plaintiff failed to acknowledge several cases, but he did.

Plaintiff failed to list having filed case number 8:04cv488 in the Middle District of Florida. That case was initiated on March 16, 2004, while Plaintiff was an inmate in the Hillsborough County Jail. *See* doc. 4 of that case. It was dismissed on April 6, 2004, "pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted." *Id.* Plaintiff also failed to list having initiated case number 8:04cv487, which was dismissed prior to service because Plaintiff failed to sign his complaint.[1]

Plaintiff also had case number 3:06cv1120 dismissed on May 22, 2009, in the Middle District of Florida for lack of subject matter jurisdiction as the United States had sovereign immunity. Doc. 39, case 3:06cv1120. Plaintiff was an inmate incarcerated at Florida State Prison at the time. Because the case was found to be without legal merit, it "meets the criteria of the criteria of Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), for a frivolous action, i.e., one based on an 'indisputably meritless legal theory' or lacking an 'arguable basis in law.' *Id.* at 327, 328, *quoted in* Tate v. Alabama, 2010 WL 3086316, 1 (S.D.Ala., July 10, 2010). Such a dismissal

---

[1] Plaintiff did list filing case 8:04cv489, filed at the same time as the other two cases.

Case No. 4:11cv162-RH/WCS

should count as a "strike" under 28 U.S.C. § 1915(g), but it need not do so because Plaintiff has two other dismissals which count as strikes.  See Tate v. Bivins, 2008 WL 2705388, 1 (S.D.Ala., July 10, 2008).

Judicial notice is taken that Plaintiff initiated a case which was transferred to the Pensacola Division of the Northern District of Florida, and proceeded as case number 3:06cv25.  At that time, Plaintiff was incarcerated at Union Correctional Institution and was a prisoner under 28 U.S.C. § 1915(h).  That case was dismissed as malicious for Plaintiff's abuse of the judicial process on Jun 1, 2006.  Doc. 25 of case number 3:06cv25.  Plaintiff then filed a notice of appeal, and the Eleventh Circuit dismissed the case as frivolous on December 29, 2006.  Doc. 47 of that case.  That also counts as a "strike."  Thus, Plaintiff has three dismissals under 29 U.S.C. § 1915(e)(2) which count as "strikes" under § 1915(g) and which preclude granting Plaintiff's *in forma pauperis* motion.

Moreover, the case should be dismissed for Plaintiff's failure to honestly disclose this important information from his litigation history.  Although Plaintiff has initiated a large number of cases in both the state and federal courts, his familiarity with the courts certainly disposes him to the knowledge that those dismissals should have been reported honestly in answering Question D on the complaint form.

This case does not allege being in imminent danger of serious physical injury.  Therefore, Plaintiff's *in forma pauperis* motion, doc. 2, should be denied and this civil rights action should be dismissed under 28 U.S.C. § 1915(g).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's *in forma pauperis* motion, doc. 2, be **DENIED**, and this case be **DISMISSED** as barred by 28 U.S.C. § 1915(g), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 3, 2011.

 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**